1
2
3
4
5
6
7
8                   United States District Court
9                   Eastern District of California
10
11
12 Richard G. Runquist,
13        Petitioner,              No. Civ. S-05-2614 GEB PAN P
14   vs.                           Order
15 K. Prosper, Warden, et al.,
16        Respondents.
17                              -oOo-
18    Petitioner requests appointment of counsel on the grounds he
19 is indigent and lacks legal training and the law is complex.
20    There is no absolute right to appointment of counsel in
21 habeas proceedings.  See Nevius v. Sumner, 105 F.3d 453, 460 (9th
22 Cir. 1996).  However, whenever the court determines the interests
23 of justice so require, representation may be provided for any
24 financially eligible person who is seeking relief under section
25 18 U.S.C. § 2254.  18 U.S.C. § 3006A(a)(2)(B).  Unless an
26 evidentiary hearing is necessary, the decision to appoint counsel

1  is discretionary.  <u>Bashor v. Risley</u>, 730 F.2d 1228, 1234 (9th
2  Cir.), *cert. denied*, 469 U.S. 838 (1984); Rule 8(c), Rules
3  Governing § 2254 Cases.
4      In deciding whether to appoint counsel the court exercises
5  discretion governed by a number of factors, including the
6  likelihood of success on the merits and the applicant's ability
7  to present his claims in light of their complexity.  <u>Weygandt v.
8  Look</u>, 718 F.2d 952, 954 (9th Cir. 1983); <u>see</u> <u>also</u>, <u>LaMere v.
9  Risley</u>, 827 F.2d 622, 626 (9th Cir. 1987).  Ordinarily the
10 presumption of regularity in the state's procedures for confining
11 prisoners suggests a lack of likely success and counsels against
12 appointment of counsel.  <u>See</u> <u>Maclin v. Freake</u>, 650 F.2d 885, 887
13 (7th Cir. 1981).  As a general rule, the court will not appoint
14 counsel unless the applicant shows his claim has merit in fact
15 and law.  <u>Id.</u>  Even if the applicant overcomes this hurdle, the
16 court will not appoint counsel if the law is settled and the
17 material facts are within the petitioner's possession, viz., they
18 do not require investigation outside the prison walls.  <u>Id.</u> at
19 887-88.
20     Here, petitioner alleges his plea of guilty was involuntary
21 and he was sentenced in excess of the statutory maximum without a
22 jury finding beyond a reasonable doubt the facts necessary to
23 impose such a sentence.  The law governing these issues is
24 settled.  Neither factual development nor legal insight are
25 required because these proceedings are limited to claims that
26 already were identified and presented to the California Supreme

1  Court.  There is, on the record before the court, no reason to
2  believe appointment of counsel would be of significant benefit.
3      Petitioner's December 27, 2005, motion for appointment of
4  counsel therefore is denied.
5      So ordered.
6      Dated:  January 5, 2006.

                                /s/ Peter A. Nowinski
                                PETER A. NOWINSKI
                                Magistrate Judge