IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD G. RUNQUIST,

    Petitioner,                       No. CIV S-05-2614 GEB EFB P

    vs.

JEANNE WOODFORD, et al.,

    Respondents.                   FINDINGS AND RECOMMENDATIONS

        Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. On October 24, 2002, petitioner was convicted of robbery based upon a plea of guilty. The court sentenced him to a term of 25 years to life in prison. He challenges his conviction on the grounds that: (1) the trial judge did not inform him that the maximum sentence could be 25 years to life in prison; (2) the trial judge refused to permit petitioner to withdraw his plea after the trial judge, not a jury, found that petitioner committed prior offenses that subjected him to an enhanced sentence; and (3) the prosecutor breached the plea agreement by seeking enhanced sentencing. Petition at 5, 6. On May 4, 2006, respondents answered the petition, and on June 16, 2006, petitioner replied. Petitioner also filed a motion for summary judgment on June 16, 2006. For the reasons explained below, the court concludes that petitioner's motion must be denied.

1   Petitioner, despite proceeding without counsel, is bound by the local rules of this Court.

2  L.R. 83-183(a).  With respect to summary judgment, the local rules provide:

> Each motion for summary judgment or summary adjudication shall be accompanied by a "Statement of Undisputed Facts" that shall enumerate discretely each of the specific material facts relied upon in support of the motion and cite the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission or other document relied upon to establish that fact.  The moving party shall be responsible for the filing with the Clerk of all evidentiary documents cited in the moving papers.

7  L. R. 56-260.  Petitioner did not file a "Statement of Undisputed Facts," as required in this rule. In fact, while he makes a cursory factual argument, he does not identify the specific material facts upon which he relies with citations to particular parts of the record.  Regardless of whether the statement of facts is contained within the brief, or submitted as a separate document in support of the motion, the clear intent of the rule is that parties provide a written statement identifying what they contend are the material facts and that the statement annotate each material factual assertion with a citation to the evidence relied on to establish that fact.  Petitioner has not complied with this rule and the court will not reach the merits of his motion for summary judgment.

   Accordingly, it is RECOMMENDED that petitioner's June 16, 2006, motion for summary judgment be denied for failure to comply with Local Rule 56-260.

   These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 27, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE