IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD G. RUNQUIST

    Petitioner,                        No. CIV S-05-2614 GEB EFB P

   vs.

JEANNE WOODFORD, et al.,

    Respondents.                    FINDINGS AND RECOMMENDATIONS

                              /

       Petitioner is a state prisoner proceeding without counsel on a petition for a writ of habeas corpus. *See* 28 U.S.C. § 2254. He has filed a motion to submit supplemental briefing on his contention that his sentence violates the holding of *Apprendi v. New Jersey*, 530 U.S. 446, 490 (2000). He also seeks to amend his petition to add a claim that the trial court relied on inadmissible evidence to prove he was eligible for enhanced sentencing and that his counsel was ineffective in failing to raise this issue on appeal. For the reasons explained below, the court denies the request for supplemental briefing and recommends that the motion to amend be denied.

**I. Background**

       On August 2, 2001, the State of California charged petitioner with robbery and grand theft, and alleged that he had prior convictions of serious felonies which made him eligible for

1

enhanced sentencing. Resps.'s Ans., Docs. Lodged in Supp. ("Lodg. Docs."), Lodg. Doc. 17, at 2-4. Pursuant to his plea of guilty, he was convicted of robbery. Lodg.. Doc. 17, at 512. State law entitled him to a trial at which a jury would determine whether the prosecution proved beyond a reasonable doubt that he had previously been convicted of crimes that could support enhancement of his sentence. *People v. Towers*, 57 Cal.Rptr. 3rd 530, 532 (Cal. App. 2007); *People v. Jones*, 44 Cal.Rptr.2d 552, 554 (Cal. App. 1995). However, petitioner waived this right. Lodg. Doc. 18, at 122. Thus, the trial judge heard evidence and found that the petitioner had two prior convictions of armed robbery resulting from federal prosecutions. Lodg. Doc. 18, at 125, 147; Lodg. Doc. 4, at 2. Judgment was entered on November 1, 2002. Lodg. Doc. 17, at 512.

Petitioner filed his application for federal habeas relief on December 27, 2005. In it, he asserts three grounds for relief: (1) his plea of guilty was involuntary; (2) his sentence was imposed in violation of the negotiated plea agreement; (3) his sentence violates the Sixth Amendment right to jury trial and the Due Process Clause of the Fourteenth Amendment, *see Apprendi v. New Jersey*, 530 U.S. 446, 490 (2000). In particular, petitioner argues that the trial judge should have permitted the jury to determine whether the elements of the out-of-state crimes were substantially similar to the equivalent offenses in California.[1] Trav. at 26-27. In his proposed supplemental brief he argues that the prosecution did not prove beyond a reasonable doubt the existence of the prior convictions. Supp. Brf. at 4-6. In their answer, the respondents argue that the holding in *Apprendi*, explained below, defeats his claim.

Petitioner moves to amend his petition to add a claim that the trial court considered inadmissible evidence in finding that the prior felonies could be used to enhance his sentence in violation of state law. *See People v. Trujillo*, 51 Cal. Rptr.3d 718, 728 (Cal. 2006). In addition,

---

[1] In addition to determining that petitioner himself had been convicted of qualifying felonies, the court had to determine whether the elements of the federal crimes were substantially similar to the equivalent crimes in California. *See* Cal. Pen. Code § 1170.12(c)(3).

2

petitioner wants to add a claim that his appellate counsel was ineffective for failing to argue the inadmissibility of certain evidence the trial court considered at sentencing.

## II. Supplemental Briefing

Supplemental briefing is permitted when it will assist the court in resolving an issue before it. Here, that issue is whether petitioner's sentence was rendered in violation of the Sixth and Fourteenth Amendments of the Constitution as applied in *Apprendi*. Petitioner argues that the question of whether these prior convictions existed should have been submitted to the jury.[2] Pet., at 23. The supplemental argument that he would provide elaborates on how he believes the holding in *Apprendi* applies in this case. The additional briefing is unnecessary. Petitioner has already made his point and the law in this area is well-settled. Facts used to prove recidivism, such as those necessary to prove the defendant previously was convicted of a serious felony, typically do "not relate to the commission of the offense" charged. *Almendares-Torres v. United States*, 523 U.S. 224, 243 (1998). Instead, such facts relate to the sentence that will be imposed if a defendant is convicted. *Id.*

Under United States Supreme Court precedent, the process of proving facts which relate only to a defendant's sentence and which could be used to increase the possible minimum sentence are not subject to the same Constitutional requirements as the elements of a crime. *McMillian v. Pennsylvania*, 477 U.S. 79, 85-86, 89 (1986). Thus, such facts need not be alleged in a charging document or presented to a jury for proof beyond a reasonable doubt. *See Id*. Quite simply, recidivism "is a traditional, if not the most traditional, basis for a sentencing court's increasing an offender's sentence." *Almendares-Torres v. United States*, 523 U.S. 224, 243 (1998). Therefore, "*[o]ther than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)

---

[2] He asserts this argument notwithstanding the fact that he waived his state statutory right to a jury determination of that fact.

(emphasis added).

It is clear from the record that the court merely determined that petitioner had been convicted of prior felonies, and imposed an enhanced sentence pursuant to state law. Under *Apprendi*, this was permissible. Petitioner has no viable challenge to his sentence under *Apprendi*. Thus, the briefing is adequate for the court to resolve the issues and petitioner's request to submit supplemental briefing on this question is denied.

**III. Amending the Petition**

Motions to amend a petition for a writ of habeas corpus is governed by the same standards as a motion to amend a complaint in other civil actions[3] and are governed by Fed. R. Civ. P. 15. *Mayle v. Felix*, 545 U.S. 644, 649 (2005). As noted above, respondents have failed to file either an opposition or a statement of no-opposition to the motion. However, it is clear that an amendment here would be futile. As discussed below, the first proposed claim is grounded in state law and in not cognizable in this federal habeas petition. The second proposed claim is time barred.

Petitioner seeks to add two claims: first, that the prosecution did not properly prove facts demonstrating recidivism; second, that counsel was ineffective in failing to raise this issue on appeal. With respect to the first, he argues that the trial court's reliance on statements in a federal probation report was unlawful. Supp. Brf. at 6-7. He points to recent California case authority that where there is no other evidence of the facts underlying the conviction, it is unlawful for the finder of fact to rely on a defendant's statements contained in a probation report to establish that the defendant was armed. *See People v. Trujillo*, 51 Cal.Rptr.3d 718, 729 (Cal. App. 2006). However, this claim is not cognizable on federal habeas law and an amended petition to assert it would be futile.

////

---

[3] *See* 28 U.S.C. § 2242 (an application for a writ of habeas corpus "may be amended . . . as provided in the rules of procedure applicable to civil actions.")

4

A district court must entertain a habeas petition "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Habeas relief is unavailable for alleged errors in the interpretation and application of state law. *Estelle v. McGuire*, 502 U.S. 62, 71-72 (1991); *Engle v. Issac*, 456 U.S. 107, 119 (1982); *Butcher v. Marquez*, 758 F.2d 373, 378 (9th Cir.1985); *Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985). Petitioner cites no federal precedent in attempting to persuade the court that he should be permitted to add this claim. Moreover, the state court's holding in *Trujillo* is based solely on principles of California law. Therefore, the basis for relief on this claim is simply not cognizable on a federal habeas petition. Thus, petitioner's motion to amend to add this claim must be denied.

Petitioner also moves to amend to add a claim that appellate counsel rendered ineffective assistance by failing to argue that his sentence was unlawful because the trial court relied in part on a probation report. *See Evitts v. Lucey*, 496 U.S. 387 (1985). Considering that petitioner was convicted November 1, 2002, and his December 27, 2005, petition did not toll the one-year limitations period, any new claim contained in an amended petition would be untimely. *See* 28 U.S.C.§ 2244(d); *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (federal habeas petition does not toll limitations period). Any new claim asserted now must relate back to the date of the original pleading which, in a habeas action, is the initial habeas petition. *Mayle v. Felix*, 545 U.S. 644, 655 (2005). This requirement is satisfied if,

> The claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading . . . .

Fed. R. Civ. P. 15(c)(2). As in ordinary civil cases, a claim satisfies this standard if the new claims arise from a "common core of operative facts" as the timely filed claims. *Felix*, 545 U.S. at 664. Otherwise stated, an amended petition "does not relate back . . . when it asserts a new ground for relief supported by facts that are different in both time and type from those the

5

original pleading set forth." *Id.*, at 650.

There is no basis for concluding that this claim relates back to the original petition. As noted, the original petition contains three claims: (1) his plea of guilty was involuntary; (2) his sentence was imposed in violation of the negotiated plea agreement; (3) his sentence violates the Sixth Amendment and the Due Process Clause of the Fourteenth Amendment. While it may appear that the core transaction is the sentencing proceeding, that is not the case. The direct appeal, when appellate counsel failed to challenge the sentence, is the core transaction. The type of claim at issue is counsel's performance during that proceeding. The initial petition does not include any claim that appellate counsel was ineffective in any way. Therefore, this claim does not relate back to the initial petition and the motion to amend to add it must be denied.

**IV. Conclusion**

For the reasons stated above, petitioner has not shown that supplemental briefing will assist the court in resolving his *Apprendi* claim and the request for supplemental briefing is DENIED. Further, it is RECOMMENDED that petitioner's March 13, 2008, motion for leave to amend be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 25, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE